735 P.2d 854
**STATE of Arizona, Appellee,**

v.

**Delores Ann HAMILTON, Appellant.**

**No. 1 CA–CR 10317.**

Court of Appeals of Arizona,
Division 1, Department A.

April 2, 1987.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div. and John B. Barkley, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Edward F. McGee, Deputy Public Defender, Phoenix, for appellant.

## OPINION

FIDEL, Judge.

Appellant Delores Ann Hamilton (defendant) was in custody when sentenced to imprisonment for burglary in the third degree. The date sentence was imposed counts as the first day of her sentence. *See* A.R.S. § 13–709(A). The issue in this appeal is whether the date sentence was imposed should also be counted in defendant's presentence credit time.

Defendant was arrested for first-degree burglary on January 2, 1986. By plea agreement on April 10, 1986, she pled no contest to the charge of burglary in the third-degree. On April 19, 1986, defendant was released on secured bond. On May 13, 1986, upon her failure to keep a probation department appointment, the trial court issued a bench warrant for her arrest. Defendant was re-arrested on May 14, 1986. On June 10, 1986, the trial court sentenced her to six years in prison.

The sentencing court, relying on the figures computed on the front page of the presentence report, credited defendant with 127 days of presentence incarceration. Defendant and the state agree that this was incorrect. Both parties agree that, between her arrest on January 2, 1986, and her release on April 19, 1986, appellant served 107 days. However, the parties disagree over the amount of time defendant should be credited for incarceration between her re-arrest on May 14, 1986, and her sentencing on June 10, 1986. Defendant contends that the correct figure is 28 days, including the day of sentencing, for a total of 135 days presentence time; the state maintains that the proper figure is 27 days, excluding the day of sentencing, for a total of 134 days.

Resolution of this dispute requires comparative interpretation of A.R.S. §§ 13–709(A) and (B). Section A provides in pertinent part, "A sentence of imprisonment commences when sentence is imposed if the defendant is in custody...." Section B provides, "All time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense shall be credited against the term of imprisonment otherwise provided for by this chapter."

In interpreting these sections we seek to harmonize them. *See State v. Pena,* 140 Ariz. 545, 550, 683 P.2d 744, 749 (App. 1983), *aff'd,* 140 Ariz. 544, 683 P.2d 743 (1984).

The rationale for A.R.S. § 13–709(B) is found in *State v. Warde,* 116 Ariz. 598, 600–01, 570 P.2d 766, 768–69 (1977): "[A] defendant, as a matter of equal protection, must be credited with presentence jail time when such time, if added to the maximum sentence imposed, will exceed the maximum statutory sentence." Defendants financially unable to make bail should not serve longer in custody through presentence incarceration than similarly sentenced defendants able to post bail. *State v. Sutton,* 21 Ariz.App. 550, 521 P.2d 1008 (1974); *State v. Salazar,* 24 Ariz.App. 472, 539 P.2d 946 (1975).

This purpose requires that each day of presentence custody, like each day of post-sentence custody, be credited toward the term of imprisonment imposed. It does not, however, require a double credit for the date of sentencing itself. Sections (A)

and (B) of A.R.S. § 13–709 are complementary. Where the date sentence is imposed serves, as here, as the first day of sentence under § 13–709(A), it does not also count for presentence credit under § 13–709(B).

Accordingly, we hold that defendant is entitled to 134 days of presentence credit.

By authority of A.R.S. § 13–4037, the trial court's sentence is modified to include presentence credit of 134 days rather than the 127 days originally ordered.

GRANT, P.J., and CONTRERAS, J., concur.