850 P.2d 690

**STATE of Arizona, Appellee,**

v.

**Michael Alan CARNEGIE, Appellant.**

**No. 1 CA–CR 92–710.**

Court of Appeals of Arizona, Division 1, Department C.

April 13, 1993.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals Section, Mona S. Peugh–Baskin, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Spencer D. Heffel, Deputy Public Defender, Phoenix, for appellant.

## OPINION

McGREGOR, Judge.

This case presents the basic but recurring issue whether a defendant should receive one day's presentence incarceration credit for the first day in custody regardless of the actual number of hours spent in custody on that date.

### I.

Michael Alan Carnegie (appellant) was arrested and booked into jail on December 12, 1991, based upon an indictment charging him with three counts of fraudulent schemes and artifices. Appellant subsequently plead guilty to two counts of fraudulent schemes and artifices, both class 2 felonies. On April 13, 1992, the trial court sentenced appellant and credited him with 121 days presentence incarceration on each count. Appellant timely appealed. This court has jurisdiction pursuant to Ariz.Rev. Stat.Ann. ("A.R.S.") §§ 12–120.21, 13–4031 and –4033.

### II.

Appellant argues that the court erred in failing to credit him with presentence incarceration credit for the day of booking. We agree.

The statute defining the circumstances under which a defendant receives presentence incarceration credit provides:

> All time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense shall be credited against the term of imprisonment otherwise provided for by this chapter.

A.R.S. § 13–709.B.

Prior Arizona decisions establish, and the state does not contest, that appellant spent time in custody on the day of booking. "Time actually spent in custody" refers to actual incarceration in a prison or jail, not simply a restraint on one's freedom. *State v. Reynolds*, 170 Ariz. 233, 235, 823 P.2d 681, 683 (1992). Moreover, for purposes of

presentence incarceration credit, "custody" begins when a defendant is booked into a detention facility. *State v. Cereceres*, 166 Ariz. 14, 16, 800 P.2d 1, 3 (App.1990).

■ Appellant was booked into jail and actually incarcerated on December 12, 1991, and therefore was "in custody" on that date. The state argues, however, that because appellant was not in custody for a full twenty-four hours on December 12, 1991, he cannot receive credit for that day. We do not believe the state's argument reflects the legislature's intent in enacting section 13–709.B.

Section 13–709.B does not expressly state whether a defendant should receive a day's credit for the day of booking. We therefore determine its meaning by applying established rules of statutory interpretation. The primary principle of statutory interpretation is to ascertain and give effect to the legislative intent behind the statute. To determine legislative intent, this court considers the context of the statute, the language used, the subject matter, the effects and consequences and the spirit and purpose of the law. *Cereceres*, 166 Ariz. at 15, 800 P.2d at 2. Finally, because section 13–709.B is part of Arizona's criminal sentencing scheme, we attempt to harmonize this statute with other related criminal statutes. *See State v. Hamilton*, 153 Ariz. 244, 245, 735 P.2d 854, 855 (App. 1987).

■ Other portions of Arizona's sentencing statutes measure time by whole, rather than partial, days. Arizona prison sentences are calculated in minimum time periods of whole days. *See* A.R.S. §§ 13–701 and –707. A sentence begins on the day the court imposes sentence or on the day the defendant surrenders to custody, regardless of whether that "day" consists of a full twenty-four hours. *See* A.R.S. § 13–709.A; *Hamilton*, 153 Ariz. at 245, 735 P.2d at 855. Therefore, to harmonize section 13–709.B with the whole-day configuration of prison sentences, the court must award a defendant either a full day of presentence incarceration credit or no credit; the statutes make no provision for affording a defendant a partial day's credit.

Our consideration of the policies advanced by section 13–709.B leads us to conclude that a defendant cannot be denied credit for a partial day spent in custody. Section 13–709.B requires a court to award presentence incarceration credit against the sentence imposed so that "[d]efendants financially unable to make bail should not serve longer in custody through presentence incarceration than similarly sentenced defendants able to post bail." *Hamilton*, 153 Ariz. at 245, 735 P.2d at 855 (citing *State v. Sutton*, 21 Ariz.App. 550, 521 P.2d 1008 (1974)). If we were to agree with the state that a defendant should receive no credit for a partial first day of incarceration, a defendant unable to make bail would serve one more day of post-sentence incarceration than would a similarly-sentenced defendant who is able to make bail. This result would violate the purpose of the section.

Moreover, requiring credit for the day of booking is more consistent with the language of section 13–709.B. The statute refers to credit for "time actually spent in custody," not to "full days actually spent in custody"; the statute does not require that a defendant spend twenty-four hours in custody to receive credit for "time actually spent in custody." A defendant who received no credit for the first day would spend time in custody, but would not receive any credit for that time, as section 13–709.B requires. Because the court cannot give a partial day's credit against a whole-day sentence, we must grant a defendant one day of credit for a partial day of presentence incarceration.

Because certainty in the sentencing process is desirable, *State v. Pena*, 140 Ariz. 545, 550, 683 P.2d 744, 749 (App.1983), *approved*, 140 Ariz. 544, 683 P.2d 743 (1984), we hold that a court must award a defendant presentence incarceration credit for the day on which he was booked into a detention facility, regardless of the time of day the booking occurred.

Applying this rule, we conclude appellant should receive presentence incarceration credit from and including the day of booking, December 12, 1991, through April 12,

1992. Appellant, therefore, spent 123 days in presentence incarceration.[1] Pursuant to A.R.S. § 13–4037, we modify the trial court's sentence to include presentence incarceration credit of 123 days rather than the 121 days originally ordered.

## III.

We have reviewed the record for fundamental error pursuant to A.R.S. § 13–4035, and have found none. For the foregoing reasons, we affirm appellant's conviction and sentence as modified.

GARBARINO, P.J., and NOYES, J., concur.

---

1. All parties agree that the trial court erred in calculating the period between December 13, 1991 and April 12, 1992 as 121 days rather than 122 days.