NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

ROGELIO MALDONADO, *Appellant.*

No. 1 CA-CR 13-0563
FILED 06-17-2014

---

Appeal from the Superior Court in Maricopa County
No. CR2010-006399-001
The Honorable J. Justin McGuire, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Spencer D. Heffel
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Margaret H. Downie joined.

---

**K E S S L E R**, Judge:

¶1        Rogelio Maldonado filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), following his illegal re-entry into the United States under 8 U.S.C. § 1326 and the revocation of his probation.  Finding no arguable issues to raise, Maldonado's counsel requested that this Court search the record for fundamental error.  Maldonado was given the opportunity to, but did not submit a *pro per* supplemental brief.  For the reasons that follow, we affirm the revocation of Maldonado's probation and the sentence imposed.

### FACTUAL AND PROCEDURAL HISTORY

¶2        In September 2011, Maldonado was convicted of three counts of attempt to commit molestation of a child ("Attempted Molestation"),  a class three felony.  He was sentenced to serve six months' incarceration and lifetime probation.  As part of the terms of probation, Maldonado agreed to obey all laws, not engage in any criminal activity and if deported, "not return to the United States without legal authorization during the term of his probation."  In March 2012, Maldonado was deported to Mexico with the instruction not to re-enter. Five months later, U.S. Immigration and Customs Enforcement became aware that Maldonado had re-entered the United States illegally.  In January 2013, Maldonado entered into a plea agreement, pleading guilty to entering the United States illegally and receiving thirty-seven months' incarceration.  A bench warrant was issued for his arrest and he was brought to Maricopa County Superior Court for a probation revocation hearing.  The trial court found Maldonado guilty of violating the terms of his probation and sentenced him to serve three, consecutive, ten-year terms for his three Attempted Molestation convictions.  He was instructed to serve this after completion of his incarceration on the federal offense of illegal re-entry.  The trial court gave Maldonado 1009 days of pre-incarceration credit.  Maldonado timely appealed.

**STANDARD OF REVIEW**

**¶3**      In an *Anders* appeal, this Court must review the entire record for fundamental error. *State v. Richardson*, 175 Ariz. 336, 339, 857 P.2d 388, 391 (App. 1993). Fundamental error is "error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial." *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005) (quoting *State v. Hunter*, 142 Ariz. 88, 90, 688 P.2d 980, 982 (1984)). To obtain a reversal, the defendant must also demonstrate that the error caused prejudice. *Henderson*, 210 Ariz. at 567, ¶ 20, 115 P.3d at 607.

**DISCUSSION**

**¶4**      After careful review of the record, we find no grounds for reversal of the revocation of Maldonado's probation and the sentences imposed. The record reflects Maldonado had a fair trial and all proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. Maldonado was present and represented at all critical stages of trial, was given the opportunity to speak at sentencing, and the sentences imposed were within the range for Maldonado's offenses.

**¶5**      The record supports the trial court's revocation of probation. Once deported, Maldonado was not permitted to return to the United States without legal authorization. Maldonado pled guilty to illegally re-entering the United States after he had been deported, in violation of the terms of his probation.

**¶6**      Presentence incarceration credit is given for time spent in custody beginning on the day of booking, *State v. Carnegie*, 174 Ariz. 452, 454, 850 P.2d 690, 692 (App. 1993), and ending on the day before sentencing, *State v. Hamilton*, 153 Ariz. 244, 246, 735 P.2d 854, 856 (App. 1987). Any illegal sentence that favors the appellant (i.e., too many days given of pre-incarceration credit) cannot be corrected unless the State has filed a timely cross-appeal. *State v. Dawson*, 164 Ariz. 278, 282-83, 792 P.2d 741, 745-46 (1990).

**¶7**      At his probation disposition hearing, the court sentenced Maldonado to three, consecutive, ten-year terms for violating the probation terms of his three Attempted Molestation convictions. The trial court awarded Maldonado 1009 days of pre-incarceration credit for the first count of Attempted Molestation. The court calculated the

presentence incarceration period began on October 21, 2009 and ran until the sentencing date of September 20, 2011. We conclude Maldonado's presentence incarceration for any of the counts of Attempted Molestation could not begin until he was in custody on these specific charges, which did not occur until August 19, 2010. Therefore, absent any explanation in the record, the correct pre-incarceration credit awarded is 707 days. However, since the miscalculation favors the defendant, it cannot be corrected unless the State had filed a timely cross-appeal. *See Dawson*, 164 Ariz. at 282-83, 792 P.2d at 745-46. Since the State did not cross-appeal, we affirm the sentence and pre-incarceration credit of 1009 days.

**CONCLUSION**

¶8        For the foregoing reasons, we affirm the revocation of Maldonado's probation and the sentences imposed. Upon the filing of this decision, defense counsel shall inform Maldonado of the status of his appeal and his future appellate options. Defense counsel has no further obligations, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Upon the Court's own motion, Maldonado shall have thirty days from the date of this decision to proceed, if he so desires, with a *pro per* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: gsh