NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

JAMAL DAVID MITCHELL, *Appellant.*

No. 1 CA-CR 14-0064
FILED 12-16-2014

---

Appeal from the Superior Court in Maricopa County
No.  CR2011-149656-001
The Honorable William L. Brotherton Jr., Judge

**AFFIRMED AS MODIFIED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Thomas K. Baird
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Michael J. Brown joined.

J O N E S, Judge:

¶1        Jamal Mitchell appeals his convictions and resulting sentences for first-degree murder, attempted armed robbery, and misconduct involving weapons.  The only issue Mitchell raises on appeal is whether the trial court erred in awarding him 835 days of presentence incarceration credit instead of 837 days.  As explained below, we conclude Mitchell is entitled to the two additional days.  Accordingly, we affirm his convictions and sentences, as modified.

## FACTS AND PROCEDURAL HISTORY

¶2        On September 21, 2011, a fatal shooting occurred at a Phoenix apartment complex following a botched drug deal.  Mitchell was arrested by Phoenix police officers on September 22, 2011, at approximately 4:49 p.m., and questioned about his involvement until approximately 11:45 p.m.  Sometime after the interview, Mitchell was booked into jail.

¶3        Mitchell was subsequently indicted on one count of first-degree murder (Count 1), one count of attempted armed robbery (Count 2), and one count of misconduct involving weapons (Count 3).  A jury convicted Mitchell on all three counts.

¶4        On January 6, 2014, Mitchell was sentenced to a prison terms of 25 years to life on Count 1, 11.25 years on Count 2, and 10 years on Count 3.  The sentence imposed for Count 2 was set to run consecutively to the sentences imposed for Counts 1 and 3, which were to run concurrently.  Mitchell timely appealed.  We have jurisdiction pursuant to article 6, section 9, of the Arizona Constitution, and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1),[1] 13-4031 and -4033(A)(1).

---

[1]        Absent material revisions from the relevant date, we cite a statute's current version.

**DISCUSSION**

**I.     Presentence Incarceration Credit**

**¶5**          At sentencing, the trial court awarded Mitchell 835 days of presentence incarceration credit on Counts 1 and 3.[2]  He argues the trial court erred because he should have been awarded 837 days.  On appeal, Mitchell requests we correct this error, and amend his sentence to reflect the additional two days of credit.[3]

**¶6**          Pursuant to A.R.S. § 13-712(B), a defendant shall be credited with "[a]ll time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense."  For purposes of calculating presentence incarceration, "'custody' begins when defendant is booked into a detention facility."  *State v. Carnegie*, 174 Ariz. 452, 453-54, 850 P.2d 690, 691-92 (App. 1993) (citing *State v. Cerceres*, 166 Ariz. 14, 15-16, 800 P.2d 1, 2-3 (App. 1990)).  A defendant is not, however, entitled to presentence incarceration credit for the day his sentence is imposed.  *State v. Hamilton*, 153 Ariz. 244, 245-46, 735 P.2d 854, 855-56 (App. 1987).

**¶7**          Mitchell contends he was booked into jail on September 22, 2011, but he was not given credit for that day, or his time served on the following day.  We may correct a presentence incarceration credit computation error if we are able to determine from the record the correct

---

[2]     The trial court did not award Mitchell presentence incarceration credit for Count 2 because his sentence on that count is set to run consecutive to his sentences for Counts 1 and 3. *See State v. McClure*, 189 Ariz. 55, 57, 938 P.2d 104, 106 (App. 1997) ("When consecutive sentences are imposed, a defendant is not entitled to presentence incarceration credit on more than one of those sentences . . . .") (citing *State v. Jackson*, 170 Ariz. 89, 94, 821 P.2d 1374, 1379 (App. 1991), and *State v. Cuen*, 158 Ariz. 86, 88, 761 P.2d 160, 162 (App. 1988)).

[3]     The State also requests, in its answering brief, that we amend Mitchell's sentence on Count 1 from "25 years to life," to "life imprisonment with no possibility of release for 25 years."  Having failed to appeal the sentencing order, the State may not now argue the sentence imposed was illegal; nor do we have jurisdiction to correct the alleged error. *See State v. Dawson*, 164 Ariz. 278, 281-82, 792 P.2d 741, 744-45 (1990) (noting that in the absence of a cross-appeal by the State, appellate courts lack subject matter jurisdiction to correct a sentencing error raised by the State).

amount of credit to which a defendant is entitled. A.R.S. § 13-4037(A); *see also State v. Stevens*, 173 Ariz. 494, 496, 844 P.2d 661, 663 (App. 1992).

¶8 To support his assertion, Mitchell points to a "release questionnaire," completed by the arresting officer and dated September 22, 2011, which includes his booking number. In response, the State concedes error in the calculation of presentence incarceration, and agrees Mitchell is entitled to one additional day of credit; however, the State maintains that although Mitchell was arrested on September 22, he was not booked into a detention facility until September 23, and he is not entitled to the second additional day. In support of its position, the State relies on a "supplemental release questionnaire" that lists Mitchell's booking date as September 23, 2011. The State also argues Mitchell could not have been booked into custody on September 22 because his interview at the police station lasted until approximately 11:45 p.m. that evening.

¶9 Here, the release questionnaire demonstrates Mitchell received a booking number on September 22, 2011, and is sufficient evidence to establish he was booked on that date. And the State does not otherwise explain how the release questionnaire dated September 22 could contain Mitchell's booking number if he had not been booked into custody until the following day.

¶10 Moreover, we are not convinced the timing of the police interview proves Mitchell was not "in custody" until September 23, as it leaves at least a fifteen-minute window in which he could have been transported to the jail. A defendant is entitled to an entire day's presentence incarceration credit regardless of the amount of time spent in custody on that date. *Carnegie*, 174 Ariz. at 454, 850 P.2d at 92 ("[W]e hold that a court must award a defendant presentence incarceration credit for the day on which he was booked into a detention facility, regardless of the time of day the booking occurred."). Therefore, Mitchell is entitled to credit for time served from September 22, 2011, until the date of his sentencing, January 6, 2014, for a total of 837 days.

**CONCLUSION**

**¶11** We affirm Mitchell's convictions and sentences as modified to correctly reflect 837 days of presentence incarceration credit for Counts 1 and 3.

