NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

JOHN RUSS GALLENTINE, *Appellant*.

No. 1 CA-CR 14-0087
FILED 1-22-2015

---

Appeal from the Superior Court in Maricopa County
No. CR2012-154407-001
The Honorable Robert L. Gottsfield, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Defendant/Appellee*

Maricopa County Public Defender, Phoenix
By Thomas Baird
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge John C. Gemmill delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Donn Kessler joined.

---

**G E M M I L L**, Judge:

¶1          John Russ Gallentine was convicted in superior court of two offenses and thereafter sentenced.  His sole argument on appeal pertains to his sentences:   he contends he is entitled to one additional day of presentence incarceration credit on each sentence.  Based on this record, however, Gallentine has not established that he is entitled to the additional day of credit.  We therefore affirm.

## BACKGROUND

¶2          Gallentine was arrested in Phoenix at 10:26 p.m. on October 17, 2012.  After arrest, police read Gallentine his rights and proceeded to question him.  After questioning, Gallentine was transported from the scene of the arrest and then taken to the police station.  Once he arrived at the station, he was again interviewed for approximately 20 minutes.

¶3          Upon conviction, Gallentine was sentenced to eight years of prison time and given credit for 466 days of presentence incarceration.  The trial court's calculation of presentence incarceration began on October 18, 2012, and ended on the date of sentencing, January 27, 2014.  He now appeals the length of his sentence, arguing that he is entitled to presentence incarceration credit for the date of his arrest, October 17, 2012.  This court has jurisdiction under Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A).

## ANALYSIS

¶4          Gallentine's sole contention upon appeal is that the court erred by failing to award him one additional day of presentence incarceration.   A trial court's failure to credit a defendant with the appropriate length of presentence custody constitutes fundamental error, *State v. Ritch*, 160 Ariz. 495, 498, 774 P.2d 234, 237 (App. 1989), and this court reviews de novo a grant of presentence incarceration credit, *see State v. Bomar*, 199 Ariz. 472, 475, ¶ 5, 19 P.3d 613, 616 (App. 2001).

¶5          Under A.R.S. § 13-712(B), a criminal defendant is entitled to credit for all time that is "actually spent in custody."   This court has explained that, for the purposes of that statute, a defendant is in custody beginning at the time of "actual incarceration in a prison or jail, not simply a restraint on one's freedom."  *State v. Carnegie*, 174 Ariz. 452, 453, 850 P.2d

690, 691 (App. 1993); *see also State v. Reynolds*, 170 Ariz. 233, 235, 823 P.2d 681, 683 (1992). A defendant is, however, entitled to one full day of credit for the day on which he is booked into a detention facility, no matter how late in the day his incarceration begins. *Carnegie*, 174 Ariz. at 454, 850 P.2d at 692.

**¶6** Gallentine claims that he is entitled to presentence incarceration credit for the day of his arrest. Gallentine points out that he was assigned a booking number on October 17, the night of his arrest. In addition, the Release Questionnaire prepared after his arrest was signed by the arresting officer and dated October 17. Although this indicates that the booking process began on October 17, Gallentine has not presented evidence that he was actually booked in and incarcerated at any time on that day. The record reveals that he was arrested at 10:26 p.m. on October 17, interviewed, transported, and interviewed again. Although the booking process apparently began on October 17, the Release Questionnaire lists Gallentine's actual booking date as October 18, 2012. On this record, Gallentine is unable to sustain his burden of proving error.

## CONCLUSION

**¶7** Because the record does not demonstrate that Gallentine was booked into actual jail custody on October 17, 2012, we affirm the sentencing court's award of 466 days presentence incarceration credit.



Ruth A. Willingham · Clerk of the Court
FILED: ama