NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RAUL RENATO VERDUGO-MANRIQUEZ, *Appellant.*

No. 1 CA-CR 13-0518
FILED 2-26-2015

Appeal from the Superior Court in Maricopa County
No. CR2011-129827001
The Honorable Cynthia J. Bailey, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry Reid
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge Jon W. Thompson delivered the decision of the Court, in which Judge Donn Kessler and Judge Kent E. Cattani joined.

---

**T H O M P S O N**, Judge:

¶1        This case comes to us as an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Raul Renato Verdugo-Manriquez (defendant) has advised us that, after searching the entire record, he has been unable to discover any arguable questions of law and has filed a brief requesting that this court conduct an *Anders* review of the record. Defendant has been afforded an opportunity to file a supplemental brief *in propria persona*, but he has not done so. Because the record does not reveal any fundamental error, we affirm defendant's convictions, but modify his sentences to reflect an increase of one day to his presentence incarceration credit.

¶2        Over the course of a week in June 2011, the fourteen-year-old victim was subjected to several unwanted sexual encounters with defendant. Defendant lived with the victim and the victim's family in an apartment. The first incident occurred at night, when the victim woke to the defendant's penis rubbing against him. As the victim tried to get up from the floor, defendant put his penis in the victim's mouth. Later that week, the victim was cooking noodles in the kitchen and defendant jumped on him, spilling noodles on the victim. Defendant then tried to remove the victim's pants in the kitchen but was unsuccessful. Later that night, the victim awoke while having his pants pulled down and his anus penetrated by defendant's penis. In the final incident on a later day, defendant, similarly, pulled the victim's pants down, and penetrated victim's anus with his penis. Defendant admitted to police that he had put his penis in the victim's anus and mouth.

¶3        The state charged defendant with one count of molestation of a child, a class 2 felony, one count of attempt to commit sexual conduct with a minor, a class 2 felony, one count of aggravated assault, a class 6 felony, and two counts of sexual conduct with a minor, a class 2 felony. After a jury trial, defendant was convicted as charged. The jury found that the count of attempt to commit sexual conduct with a minor and both counts of sexual conduct of a minor occurred while the victim was under fifteen years of age

and the defendant was over eighteen years of age. The trial court sentenced defendant to a slightly mitigated term of fourteen years imprisonment on each of counts one and five, his sentence was suspended in counts two and four, and he received a seventeen year term for count three. The three prison terms are to be served concurrently. The trial court found 757 days of presentence incarceration credit.

¶4 Presentence incarceration credit is given for time spent in custody beginning the day of booking, *State v. Carnegie*, 174 Ariz. 452, 454, 850 P.2d 690, 692 (App. 1993), and ending the day before sentencing, *State v. Hamilton*, 153 Ariz. 244, 246, 735 P.2d 854, 856 (App. 1987). Defendant served 758 days in custody prior to sentencing, yet he only received 757 days of credit. Therefore, we modify defendant's sentence to reflect one additional day of presentence incarceration credit.

¶5 We have read and considered defendant's *Anders* brief, and we have searched the entire record for reversible error. See *Leon*, 104 Ariz. at 300, 451 P.2d at 881. Other than the presentence incarceration credit calculation, we find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentence imposed was within the statutory limits. Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984), defendant's counsel's obligations in this appeal are at an end. Defendant has thirty days from the date of this decision in which to proceed, if he so desires, with an *in propria persona* motion for reconsideration or petition for review.

¶6 We affirm the convictions and the sentences as modified.



Ruth A. Willingham · Clerk of the Court
FILED: ama