NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JOSHUA MICHAEL LUDWIG, *Appellant*.

No. 1 CA-CR 14-0355
FILED 6-11-2015

Appeal from the Superior Court in Yavapai County
No. V1300CR201380316
The Honorable Michael R. Bluff, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Yavapai County Public Defender's Office, Prescott
By John David Napper
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Kent E. Cattani joined.

---

**K E S S L E R**, Judge:

**¶1**		Joshua Michael Ludwig filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), following his conviction of shoplifting with two or more predicate offenses, a class four felony.[1]  The trial court sentenced him to three years' imprisonment.  Finding no arguable issues to raise, Ludwig's counsel requested that this Court search the record for fundamental error.  Ludwig was given the opportunity to but did not file a *pro per* supplemental brief, nor did counsel identify any issues for review.  For the reasons that follow, we affirm Ludwig's convictions and sentences.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**		On July 20, 2013, A.M. observed Ludwig and his father exchange an automotive battery at Wal-Mart, where A.M. was employed. After the exchange, A.M. saw Ludwig take a second battery and quickly walk away with it.  Believing Ludwig's actions to be suspicious, A.M. alerted Wal-Mart management that there was a theft in progress.  M.S., Wal-Mart's loss prevention officer, was alerted that a suspect was possibly attempting to steal an automotive battery.  M.S. questioned some Wal-Mart employees, including A.M., to get a description of the theft suspect.  After being unable to find the suspect in the store, M.S. reviewed surveillance video from around the time Ludwig had been in the store.

**¶3**		Surveillance video revealed that after Ludwig and his girlfriend approached the Wal-Mart exit while pushing a cart containing the exchanged battery, Ludwig re-entered Wal-Mart.  Ludwig found his father in the store, pushing a cart containing another battery.  Shortly thereafter, the video shows Ludwig's father pushing a cart containing the stolen battery in the parking lot and placing it in a vehicle.  By the time M.S.

---

[1] Ludwig additionally pled guilty to two counts of criminal trespass in the third degree, class three misdemeanors, and two counts of interfering with judicial proceedings, class one misdemeanors.

identified Ludwig as the suspect, Ludwig was already in the parking lot. Because Wal-Mart's policy is to not apprehend suspects if they are outside of the store, M.S. obtained Ludwig's license plate number and returned to the store to record the shoplifting incident and alert the police.

¶4         Five days later, Ludwig returned to Wal-Mart. Upon recognizing Ludwig, M.S. alerted the police. Officer B.C. arrived at Wal-Mart and arrested Ludwig for criminal trespass. After reading Ludwig his *Miranda* rights,[2] Officer B.C. questioned Ludwig about the July 20 shoplifting incident. At first, Ludwig denied any involvement in shoplifting the battery. However, after Officer B.C. told Ludwig that they had enough evidence of Ludwig's involvement to arrest him, Ludwig admitted he and his father had taken the battery without paying for it.

¶5         While under arrest, Ludwig telephoned his father to pick up his girlfriend and her child who were with him at Wal-Mart. When Ludwig's father arrived, police also placed him under arrest for involvement in the shoplifting incident. Ludwig's father denied involvement when questioned by Officer B.C. and, ultimately, was not prosecuted for shoplifting related to the July 20 incident. At trial, however, Ludwig's father testified that he stole the battery and that Ludwig did not know until the next day. He testified that Ludwig gave him money in Wal-Mart on July 20 to buy the battery, but instead of paying for the battery, he simply took the battery without paying for it. Ludwig, however, did not claim he had given his father money to pay for the battery. Rather, Ludwig admitted involvement in the shoplifting to Officer B.C.

¶6         Ludwig was charged with and found guilty of shoplifting with two or more predicate convictions, a class four felony. Ariz. Rev. Stat. ("A.R.S.") § 13-1805(A), (I) (2009). Based on this conviction, the court sentenced him to three years' imprisonment, the minimum sentence for category two repetitive offender convicted of a nondangerous, repetitive offense. For the counts to which Ludwig pled guilty, *see supra* n.1, the court sentenced him to 42 days' imprisonment, to run concurrently with his sentence of three years' imprisonment. The court also credited Ludwig 42 days of presentence incarceration credit.

¶7         Ludwig timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. § 13-4031 (2010), -4033(A)(1) (2010).

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

**STANDARD OF REVIEW**

**¶8**        In an *Anders* appeal, this Court must review the entire record for fundamental error. *State v. Richardson*, 175 Ariz. 336, 339, 857 P.2d 388, 391 (App. 1993). Fundamental error is "error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial." *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005) (internal quotation marks and citation omitted). To obtain a reversal, the defendant must also demonstrate that the error caused prejudice. *Id.* at ¶ 20.

**DISCUSSION**

**¶9**        After careful review of the record, we find no grounds for reversal of Ludwig's convictions or sentences. The record reflects Ludwig had a fair trial and all proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. Ludwig was present and represented by counsel at all critical stages of trial, was given the opportunity to speak at sentencing, and the sentences imposed were within the range for Ludwig's offenses.

I.     Sufficiency of the Evidence

**¶10**       There is sufficient evidence in the record to support Ludwig's conviction. In reviewing the sufficiency of evidence at trial, "[w]e construe the evidence in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant." *State v. Greene*, 192 Ariz. 431, 436, ¶ 12, 967 P.2d 106, 111 (1998). "Reversible error based on insufficiency of the evidence occurs only where there is a complete absence of probative facts to support the conviction." *State v. Soto-Fong*, 187 Ariz. 186, 200, 928 P.2d 610, 624 (1996) (quoting *State v. Scott*, 113 Ariz. 423, 424-25, 555 P.2d 1117, 1118-19 (1976)).

**¶11**       The crime of shoplifting requires proof that the defendant was in an establishment in which merchandise was displayed for sale, knowingly removed such merchandise without paying the purchase price, with the intent to deprive the other person of the merchandise. A.R.S. § 13-1805(A)(1). The crime of shoplifting with two or more predicate offenses additionally requires proof that the defendant "has previously committed or been convicted within the past five years of two or more offenses involving burglary, shoplifting, robbery, organized retail theft or theft." A.R.S. § 13-1805(I).

**¶12** The State presented evidence that Ludwig was in Wal-Mart, an establishment in which merchandise was displayed for sale when the battery was stolen. Ludwig's father testified that Ludwig was in Wal-Mart on July 20. M.S. testified that he identified Ludwig as a suspect of the theft on July 20. Officer B.C. also testified that when he interviewed Ludwig, Ludwig admitted he was involved in the shoplifting of the battery from Wal-Mart on July 20. Finally, the State presented photographs and video surveillance of Ludwig in Wal-Mart on July 20.

**¶13** The State also presented evidence that Ludwig knowingly obtained the battery from Wal-Mart with the intent to deprive Wal-Mart of the battery without paying for it. The State called A.M., a Wal-Mart employee, as a witness. A.M. testified that he saw Ludwig and Ludwig's father exchange an old battery for a new one. A.M. then saw Ludwig later return to the automotive department and retrieve a second battery. A.M. testified that Ludwig looked "shifty" and was looking around when he "snagged" the second battery. According to A.M., Ludwig then quickly walked down the aisle toward the front of the Wal-Mart. Further, Officer B.C. testified that Ludwig confessed he was involved in shoplifting the battery.

**¶14** Additionally, the State presented evidence of Ludwig's predicate convictions for shoplifting. The State called a clerk for the Cottonwood municipal court as a witness. The clerk testified that Ludwig was convicted of shoplifting on February 3, 2011 and on April 1, 2010. Those convictions were not appealed or challenged. The State also submitted Ludwig's prior record into evidence.

**¶15** Finally, after a colloquy, the trial court appropriately found that Ludwig knowingly, intelligently, and voluntarily waived his right to a jury trial and pled guilty to the crimes of criminal trespass in the third degree and interfering with judicial proceedings. Based on these convictions, the court sentenced Ludwig to 42 days' on each of the four counts imprisonment to run concurrently with Ludwig's sentence of three years' imprisonment for shoplifting and granted Ludwig 42 days' presentence incarceration credit.

**¶16** Criminal trespass in the third degree is a class three misdemeanor, *see* A.R.S. § 13-1502 (2014), and the sentencing guidelines in place at the time of the crime only allowed for a maximum sentence of 30 days' imprisonment for the criminal trespass convictions, A.R.S. § 13-707 (2010). Therefore, the court erred in sentencing Ludwig to 42 days' imprisonment for the criminal trespass convictions. Such error is harmless,

however, because all of Ludwig's sentences are concurrent with one another and, ultimately, Ludwig was properly sentenced to three years' imprisonment for the shoplifting charge and 42 days' imprisonment for both counts of interfering with judicial proceedings.

II.     Presentence Incarceration Credit

**¶17**     Presentence incarceration credit is given for time spent in custody beginning on the day of booking, *State v. Carnegie*, 174 Ariz. 452, 454, 850 P.2d 690, 692 (App. 1993), and ending on the day before sentencing. *State v. Hamilton*, 153 Ariz. 244, 245-46, 735 P.2d 854, 855-56 (App. 1987).

**¶18**     Here, both the transcript and minute entry reflect the court credited Ludwig with 42 days of presentence incarceration credit. However, by our calculation, Ludwig was incarcerated for 43 days prior to sentencing.[3] Therefore, we modify his sentences as to each count and credit Ludwig with 43 days of presentence incarceration credit.

**CONCLUSION**

**¶19**     For the foregoing reasons, we affirm Ludwig's convictions and sentences. Upon the filing of this decision, defense counsel shall inform Ludwig of the status of his appeal and his future appellate options. Defense counsel has no further obligations, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Upon the Court's own motion, Ludwig shall have thirty days from the date of this decision to proceed, if he so desires, with a *pro per* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[3] Ludwig was arrested on July 25, 2013 and then released on July 26, 2013 when he posted bond. Subsequently, after being convicted at trial, Ludwig was taken into custody on April 4, 2014 and held without bond until his sentencing hearing on May 16, 2014.