NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

KHEYLON TRISTAN CUNNINGHAM, *Appellant.*

No. 1 CA-CR 16-0354
FILED 5-2-2017

---

Appeal from the Superior Court in Maricopa County
No. CR2009-030745-001
The Honorable Erin Otis, Judge

**AFFIRMED AS MODIFIED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael Valenzuela
*Counsel for Appellee*

Maricopa County Office of the Legal Advocate, Phoenix
By Colin F. Stearns
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Lawrence F. Winthrop joined.

---

**T H O M P S O N**, Judge:

¶1 Kheylon Tristan Cunningham (appellant) appeals from his sentence following an automatic violation and revocation of probation. Appellant and the state contend that the trial court committed fundamental error by failing to award appellant any presentence incarceration credit. We agree, but conclude both appellant and the state incorrectly calculated the amount of presentence credit appellant is due.

### FACTUAL AND PROCEDURAL HISTORY

¶2 Appellant was indicted for armed robbery, a class two dangerous felony (count one), and aggravated assault, a class three dangerous felony (count two), in 2009. On January 27, 2010, appellant was arrested and booked into custody based on the indictment. Appellant pleaded guilty to count one in exchange for the state dismissing both count one's dangerousness allegation and count two. The trial judge sentenced appellant to four years of probation. As a condition of probation, appellant was ordered to serve a flat twelve months in the county jail beginning September 23, 2010. Appellant was released on July 16, 2011.[1]

¶3 In April 2012, appellant's probation officer petitioned to revoke appellant's 2010 probation, alleging appellant had committed a number of offenses on or about November 7, 2011. Appellant was arrested on April 3, 2012. Appellant's probation hearing was initially scheduled for April 20, 2012. However, the hearing was postponed twice, once on motion from appellant's counsel and once for reasons not stated on the record. Appellant remained in custody until October 12, 2012, the date of the

---

[1] The parties disagree on what day appellant was released from this sentence, and the record is silent on the issue. At sentencing, the trial court credited appellant's sentence with 68 days of presentence incarceration credit. Thus, appellant was incarcerated for 297 days. Accordingly, we presume appellant was released on July 16, 2011.

hearing on the petition to revoke probation. That day, the state moved to dismiss the petition for revocation. The court granted the state's motion and ordered appellant's release from custody.

¶4 In December 2013, appellant's probation officer filed another petition to revoke appellant's probation. The probation officer alleged that appellant had committed first degree murder, first degree burglary, and aggravated assault with a deadly weapon on or about December 12, 2013. Appellant was arrested on December 13, 2013 and placed on a probation hold until the end of the trial for the above charges. A jury found appellant guilty on all charged counts.

¶5 At the sentencing hearing on December 11, 2015, the trial court credited appellant with 729 days of pre-sentence incarceration towards the 2013 charges. The trial court also revoked appellant's probation on the 2010 conviction and, as to that matter, sentenced him to an aggravated term of eight years to be served consecutively to his 2013 sentences. The court did not credit appellant with any presentence incarceration credit for the two periods of time he spent in custody related to the 2010 conviction.

¶6 Appellant did not timely appeal, but his motion requesting a delayed notice of appeal was granted. We have jurisdiction under Article 6, Section 9 of the Arizona Constitution, and Arizona Revised Statutes (A.R.S) sections 12-120.21(A)(1) (2016), 13-4031 (2010), and -4033(A) (2010).[2]

## DISCUSSION

¶7 Regarding the 2010 sentence, appellant argues the trial court erred by failing to credit him 730 days of presentence incarceration. Because appellant did not raise this objection during his sentencing hearing, we review for fundamental error. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005). To prevail under this standard of review, appellant must establish that fundamental error exists and that the error caused him prejudice. *Id.* at ¶ 19 (citation omitted).

¶8 A trial court's failure to grant a defendant presentence incarceration credit constitutes fundamental, prejudicial error because it is an illegal sentence. *See generally State v. McPherson*, 228 Ariz. 557, 559, ¶ 4, 269 P.3d 1181, 1183 (App. 2012) (internal citations omitted). Defendants are statutorily entitled to credit for "[a]ll time spent in custody pursuant to an

---

[2] Absent changes material to this decision, we cite a statute's current version.

offense." A.R.S. §13-712 (B) (2010). Custody begins the day a defendant is booked into detention. *State v. Carnegie*, 174 Ariz. 452, 453-54, 850 P.2d 690, 691-92 (App. 1993) (citation omitted). A defendant is given a full day of credit for the day he is booked regardless of how late in the day booking occurs. *Id.* at 454, 850 P.2d at 692. Defendants are also entitled to have the time they serve in prison as a condition of probation applied to the sentence imposed following probation revocation. A.R.S. § 13-903(F) (2010). Following these standards, we agree with appellant that the trial court committed a fundamental, prejudicial error.

¶9 As noted, appellant spent two different periods in custody pursuant solely to his 2010 conviction.[3] The first period began when he was booked, January 27, 2010, and includes the day he was released from his condition of probation sentence, July, 16, 2011. For this period of custody, appellant was incarcerated for a total of 537 days.

¶10 The second period of custody began when appellant was booked for alleged probation violations, April 3, 2012, and includes the day appellant was released from custody, October 12, 2012. For this period, appellant is entitled to 194 days of presentence incarceration credit. Because appellant is entitled to one day of presentence incarceration credit for "all time spent in custody"—including partial days in custody— appellant is entitled to 731 days of presentence incarceration credit.[4]

---

[3] Appellant's sentence for the 2010 armed robbery runs consecutive to the sentences imposed for the 2013 convictions. "When consecutive sentences are imposed, a defendant is not entitled to presentence incarceration credit on more than one of those sentences, even if the defendant was in custody pursuant to all of the underlying charges prior to trial." *See State v. McClure*, 189 Ariz. 55, 57, 938 P.2d 104, 106 (App. 1997) (citation omitted). Accordingly, appellant is not entitled to presentence credit toward the 2010 sentence for the same time period for which he obtained credit in relation to the 2013 convictions.

[4] We note, however, that although many of the continuances in both convictions were motions by appellant's counsel and appellant waived the applicable time limits of Arizona Rule of Criminal Procedure 8.2, the time he spent incarcerated before sentencing or release for both his 2010 and 2013 convictions borders on egregious and should not be encouraged.

**CONCLUSION**

**¶11** Pursuant to A.R.S. § 13-4037 (2010), we modify appellant's eight-year, aggravated sentence for count one (and, accordingly the trial court's December 11, 2015 sentencing minute entry) to reflect 731 days' presentence incarceration credit. We affirm appellant's sentence in all other respects.



AMY M. WOOD • Clerk of the Court
FILED: AA