NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHRISTIAN DIOR LOVETT FEARS, *Appellant.*

No. 1 CA-CR 17-0256
FILED 4-19-2018

Appeal from the Superior Court in Maricopa County
No. CR2016-001595-001
The Honorable Joan M. Sinclair, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Edward F. McGee
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Jennifer M. Perkins joined.

_____

J O H N S E N, Judge:

¶1        Christian Dior Lovett Fears appeals the sentences imposed after he was convicted of trafficking in stolen property and two counts of burglary.  He argues the superior court did not correctly calculate his pre-sentence incarceration credit.  For the following reasons, we affirm the convictions but modify the sentences to award Fears 10 additional days of pre-sentence incarceration credit.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Fears was charged in connection with break-ins at two adjacent condominiums in Scottsdale.  In one of the homes, police found a print that matched Fears's palm print.  Checking local pawn shops for his name, police then discovered Fears had pawned items matching the description of some of the stolen goods the same day the robbery occurred.

¶3        A grand jury indicted Fears, and a warrant for his arrest was issued.  Tucson police arrested Fears on that warrant on April 9, 2016, and he was released on his own recognizance on April 20.  After Fears failed to appear for a status conference on September 8, the court issued a bench warrant.  Fears was taken into custody on these charges later that same day.

¶4        After a four-day trial, a jury convicted Fears of first-degree trafficking in stolen property, a Class 2 felony, and two counts of second-degree burglary, each a Class 3 felony.  Fears remained in custody through his sentencing on April 13, 2017, when the court imposed concurrent terms of incarceration, the longest of which is 15.75 years.  The court also awarded him 219 days of pre-sentence incarceration credit.

¶5        Fears timely appealed his sentences.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona

Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2018), 13-4031 (2018) and -4033(A)(1) (2018).[1]

**DISCUSSION**

**¶6**        The only argument Fears raises on appeal is that the superior court erred by calculating his pre-sentence incarceration credit. The State agrees that the superior court erred. A defendant shall receive credit for "[a]ll time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense." A.R.S. § 13-712(B). A defendant must receive credit for every day or part of a day served, including the day of arrest, *see State v. Carnegie*, 174 Ariz. 452, 454 (App. 1993), but not the day of sentencing, *see State v. Hamilton*, 153 Ariz. 244, 245-46 (App. 1987).

**¶7**        The record shows that before he was sentenced on April 13, 2017, Fears was in custody for this case and thus eligible for pre-sentence incarceration credit from and including April 9, 2016, though April 20, 2016 (12 days), and from and including September 8, 2016, through April 12, 2017 (217 days) – a total of 229 days. The court therefore erred by awarding Fears only 219 days of pre-sentence incarceration credit. Pursuant to A.R.S. § 13-4037 (2018), we amend the Order of Confinement to show a total of 229 days' pre-sentence incarceration credit for each count. *See State v. Dawson*, 164 Ariz. 278, 283-84 (1990) (§ 13-4037 allows "an appellate court to reduce an illegally severe sentence.").

---

[1]        Absent material revision of a statute or rule after the date of an alleged offense, we cite the current version.

**CONCLUSION**

**¶8**　　　　We affirm Fears's convictions and sentences but modify the Order of Confinement to show a total of 229 days' pre-sentence incarceration credit on each sentence.



AMY M. WOOD • Clerk of the Court
FILED:　AA