NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CARLOS IVAN MENDIVIL, *Appellant.*

No. 1 CA-CR 20-0126
FILED 10-29-2020

Appeal from the Superior Court in Maricopa County
No. CR2018-129998-001
The Honorable Kathleen H. Mead, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Andrew Stuart Reilly
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Cynthia Dawn Beck
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Paul J. McMurdie delivered the Court's Decision, in which Presiding Judge James B. Morse Jr. and Judge Maria Elena Cruz joined.

---

**M c M U R D I E**, Judge:

**¶1**　　　　Carlos Ivan Mendivil appeals the sentence imposed following his conviction for possession of narcotic drugs for sale. For the following reasons, we modify Mendivil's sentence for that conviction.

### FACTS[1] AND PROCEDURAL BACKGROUND

**¶2**　　　　Mendivil challenges only the amount of pre-incarceration credit he received concerning his sentence. Therefore, we address only the facts relevant to his sentencing. Mendivil was arrested on June 15, 2018, pursuant to a traffic warrant. Police searched Mendivil's bag and discovered three bags of white powder, a scale, and plastic baggies. Mendivil was booked into jail on June 16, 2018, and was released the same day. Grand jurors indicted Mendivil on three counts: possession of narcotic drugs for sale ("Count One"), possession of drug paraphernalia ("Count Two"), and resisting arrest ("Count Three"). On December 9, 2019, jurors convicted Mendivil on Counts One and Two and acquitted him on Count Three. Mendivil was taken into custody on December 9, 2019, and held in custody until sentencing on February 27, 2020.

**¶3**　　　　On Count One, the court sentenced Mendivil to a less than the minimum term of 3.25 years' imprisonment, with 80 days' presentence incarceration credit. On Count Two, the court suspended the imposition of Mendivil's sentence and placed him on two years of supervised probation to be served upon his imprisonment release. Mendivil appealed, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

### DISCUSSION

---

[1]　　　We view the facts in the light most favorable to upholding the verdict and resolve all reasonable inferences against the defendant. *State v. Mendoza*, 248 Ariz. 6, 11, ¶ 1, n.1 (App. 2019).

¶4 Mendivil argues he was entitled to 81 days of presentence incarceration credit for count one—one day more than the 80 days the superior court credited him. The State agrees that Mendivil is entitled to 81 days of credit.

¶5 A defendant sentenced to prison is entitled to have all time spent in custody for the offense credited towards their imprisonment. A.R.S. § 13-712(B). "[F]or purposes of presentence incarceration credit, 'custody' begins when a defendant is booked into a detention facility." *State v. Carnegie*, 174 Ariz. 452, 454 (App. 1993). Moreover, a defendant is entitled to a full day of credit for any partial day of incarceration, including the day of booking. *Id.* However, a defendant is not entitled to presentence incarceration credit for the day their sentence is imposed because the day of sentencing counts as the first day of their sentence. *State v. Hamilton*, 153 Ariz. 244, 246 (App. 1987). A court's failure to grant a defendant full credit for presentence incarceration constitutes fundamental error. *State v. Ritch*, 160 Ariz. 495, 498 (App. 1989).

¶6 Mendivil was booked and released on June 16, 2018, which amounts to one day of presentence incarceration. Following his convictions, Mendivil was held in custody from December 9, 2019, until his sentencing on February 27, 2020, which amounts to 80 days of presentence incarceration. Added together, Mendivil was entitled to 81 days of presentence incarceration credit. Therefore, the superior court erred by awarding Mendivil only 80 days of presentence incarceration credit.

## CONCLUSION

¶7 We modify Mendivil's sentence on Count One to reflect that he is entitled to 81 days of presentence incarceration credit.



AMY M. WOOD • Clerk of the Court
FILED:    AA