NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOVANI REYES SALDANA, *Appellant.*

No. 1 CA-CR 20-0176
FILED 4-27-2021

Appeal from the Superior Court in Maricopa County
No. CR2018-133601-001
The Honorable Jeanne M. Garcia, Judge (Retired)

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mark E. Dwyer
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge D. Steven Williams delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge David D. Weinzweig joined.

**W I L L I A M S**, Judge:

¶1  Jovani Reyes Saldana appeals his conviction and sentence for misconduct involving weapons. Saldana's counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising us there are no meritorious grounds for reversal. Saldana was given the opportunity to file a supplemental brief *in propria persona* but did not do so. Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the conviction and resolving all reasonable inferences against Saldana, *State v. Guerra*, 161 Ariz. 289, 293 (1989). After reviewing the record, we affirm Saldana's conviction and sentence as modified.

## FACTUAL AND PROCEDURAL HISTORY

¶2  In July 2018, three detectives, who were part of an Arizona Department of Public Safety task force, stopped a truck for traffic violations. Saldana was in the bed of the truck. Following a conversation, one detective conducted a pat down of Saldana. All three detectives saw a handgun in Saldana's waistband. The handgun was seized, and Saldana was arrested.

¶3  A fourth officer, who arrived on scene to assist in the traffic stop, heard Saldana, now sitting on a curb away from the truck, state that he "shouldn't have brought that gun." Later, during the booking process, Saldana told the same officer that "[i]t was just there. I grabbed it on the paper and I was just trying to hide it." After reading Saldana his *Miranda*[1] rights, Saldana made the following statement to one of the detectives: "I brought the gun because the other gun." This statement was recorded and played at trial. Saldana never challenged the voluntariness of his

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

statements to law enforcement, and even so, there is no evidence suggesting his statements were involuntary.

¶4        Saldana was indicted by a grand jury for one count of misconduct involving weapons, a Class four felony. The State alleged aggravating factors, including that the offense was committed while Saldana was on felony probation and that he had two historical prior felony convictions. The court held a Rule 609 hearing, finding the State could use sanitized priors at trial if Saldana chose to testify.

¶5        At trial, the parties stipulated that on the day of the incident Saldana was a prohibited possessor and his right to carry a firearm had not been restored. At the close of the State's case in chief, Saldana moved for a directed verdict under Rule 20, which was denied.

¶6        The jury convicted Saldana as charged. *See* A.R.S. § 13-3102(A)(4). Following a separate hearing, the jury found that Saldana was on probation when the offense was committed and had previously served time in prison. The trial court sentenced Saldana to 10 years imprisonment and credited him with 620 days' presentence incarceration.[2] Saldana timely appealed. We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution, and A.R.S. §§ 12-120.21(A), 13-4031, and 13-4033.

## DISCUSSION

¶7        After reviewing the record, we detect no reversible error requiring remand, *Clark*, 196 Ariz. at 541, ¶ 50, but note one error we can resolve. The superior court credited Saldana with 620 days of presentence incarceration. By our calculation, however, Saldana was entitled to 621 days of credit. Saldana was arrested and taken into custody on July 6, 2018 and the sentencing hearing was held March 18, 2020. There is nothing in the record suggesting Saldana was ever out of custody between those dates. When calculating presentence incarceration credit, we count from and include the first day Saldana was incarcerated, but do not include the day of sentencing. A.R.S. § 13-712(B); *State v. Carnegie*, 174 Ariz. 452, 454 (App. 1993) (holding that a defendant gets a full day of credit even if incarcerated for part of the day); *State v. Hamilton*, 153 Ariz. 244, 246 (App.

---

[2] The record before us does not include a presentence report, but it appears all parties had access to it. *See* Ariz. R. Crim. P. 26.7(b)(1).

1987) (holding that a defendant receives no credit for the day of sentencing). Therefore, Saldana should have been credited 621 days.

**¶8**  The remainder of the record reflects Saldana was present and represented by counsel at all critical stages of the proceedings. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages) (citations omitted); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). The evidence presented supported the conviction, and the imposed sentence falls within the range permitted by law. *See* A.R.S. §§ 13-701 through -718 (as applicable). The superior court appropriately considered and resolved pre-trial and trial motions. As far as the record reveals, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and Saldana's constitutional and statutory rights.

## CONCLUSION

**¶9**  We have reviewed the entire record for reversible error and find none. Therefore, we affirm Saldana's conviction and sentence but modify the sentencing minute entry to reflect that Saldana is credited with 621 days of presentence incarceration.

**¶10**  After this decision's filing, defense counsel's obligation pertaining to Saldana's representation in this appeal will end. Defense counsel need do no more than inform Saldana of this appeal's outcome and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the Court's own motion, Saldana has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA

4