NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

_____

STATE OF ARIZONA, *Appellee,*

*v.*

JOSE CARDENAS-SALCIDO, JR., *Appellant.*

No. 1 CA-CR 12-0294
FILED 07-29-2014

_____

Appeal from the Superior Court in Navajo County
No. S0900CR201100751
The Honorable Robert B. Van Wyck, Judge *Pro Tempore*

**AFFIRMED**

_____

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Roser Law Office, St. Johns
By Samuel J. Roser
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Donn Kessler delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Maurice Portley joined.

---

**K E S S L E R**, Presiding Judge:

¶1        Jose Cardenas-Salcido, Jr. ("Cardenas") filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), following his conviction of transportation of a dangerous drug for sale, a class 2 felony.  Finding no arguable issues to raise, Cardenas's counsel requested that this Court search the record for fundamental error.  Cardenas was afforded the opportunity to file a *pro per* supplemental brief and presented the following issues: (1) sufficiency of the evidence, (2) ineffective assistance of counsel, and (3) length of sentence.  For the following reasons, we affirm Cardenas's conviction and sentence.

## FACTUAL AND PROCEDURAL HISTORY

¶2        In September 2011, Deputy W.M. conducted a search of a greyhound bus with the assistance of his narcotics canine.  The canine alerted to a bag in the baggage compartment underneath the bus.  The name printed on the baggage claim ticket on the luggage was Jose Carreras.

¶3        Deputy W.M. asked the driver to call for Jose Carreras to see if anyone on the bus would come forward.  When no one responded, Deputy W.M. deemed the bag abandoned.  A search of the bag revealed three Tupperware containers of methamphetamine.

¶4        Deputy W.M. then boarded the bus and requested to see the passengers' boarding passes.  When Deputy W.M. approached Cardenas, Cardenas stated he did not have a ticket and instead provided an ID.  The first name on the ID was identical to that on the baggage claim ticket, and the last name was off by two letters.  Cardenas was subsequently asked to exit the bus.

¶5        Deputy W.M. testified that when he approached Cardenas, he noticed him shuffling his feet forward.  During a search of the area where Cardenas had been shuffling his feet, Deputy W.M. found an

2

envelope containing a boarding pass with the same name listed on the baggage claim ticket. Cardenas was then placed under arrest. Cardenas testified that he did not bring any bags on the bus and had never gone by the name Jose Carreras.

¶6        Cardenas was charged and found guilty of transportation of a dangerous drug for sale, a class 2 felony. He was sentenced to a ten-year term of imprisonment, and was awarded 199 days of presentence incarceration credit.

¶7        Cardenas filed a timely appeal. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, as well as Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2003), 13-4031 (2010), and -4033(A)(1) (2010).

## STANDARD OF REVIEW

¶8        In an *Anders* appeal, this Court must review the entire record for fundamental error. *State v. Richardson*, 175 Ariz. 336, 339, 857 P.2d 388, 391 (App. 1993). Fundamental error is "error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial." *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005) (quoting *State v. Hunter*, 142 Ariz. 88, 90, 688 P.2d 980, 982 (1984)). To obtain a reversal, the defendant must also demonstrate that the error caused prejudice. *Id*. at ¶ 20.

## DISCUSSION

¶9        After careful review of the record, we find no grounds for reversal of Cardenas's conviction or sentence. The record reflects Cardenas had a fair trial and all proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. Cardenas was present and represented by counsel at all critical stages of trial, was given the opportunity to speak at sentencing, and the sentence imposed was within the range for Cardenas's offense.

I.        Sufficiency of the Evidence

¶10       In reviewing the sufficiency of evidence at trial, "[w]e construe the evidence in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant." *State v. Greene*, 192 Ariz. 431, 436, ¶ 12, 967 P.2d 106, 111 (1998). "Reversible error based on insufficiency of the evidence occurs only where there is a

complete absence of probative facts to support the conviction." *State v. Soto-Fong*, 187 Ariz. 186, 200, 928 P.2d 610, 624 (1996) (quoting *State v. Scott*, 113 Ariz. 423, 424-25, 555 P.2d 1117, 1118-19 (1976)).

¶11 The crime of transportation of a dangerous drug for sale requires proof that a person knowingly (1) transported (2) for sale (3) a dangerous drug. A.R.S. § 13-3407(A)(7) (Supp. 2013). First, the State presented evidence that Cardenas was the owner of the bag containing drugs on the bus. When approached by Deputy W.M., Cardenas provided him with his ID, which was similar to the name on the baggage claim ticket. Deputy W.M. testified that he noticed Cardenas shuffling his feet forward, and during a search of the area, Deputy W.M. found an envelope containing a boarding pass with the same name listed on the baggage claim ticket. Based on this evidence, the jury could have inferred that Cardenas used a fake name to purchase the bus ticket, and attempted to discard the ticket linking him to the bag underneath the bus seats.

¶12 The State next presented evidence that Cardenas's bag contained a dangerous drug for sale. A chemist from the Arizona Department of Public Safety Crime Laboratory testified that the plastic containers contained methamphetamine, a dangerous drug pursuant to A.R.S. § 13-3401(6)(c)(xxxiv) (Supp. 2013). The drugs were hidden under the bag's flooring, were wrapped in plastic wrap, and included a masking agent to conceal any odor. The total weight of the methamphetamine was over 1,000 grams with a street value of between $100-$120 per gram. The amount, packaging, and concealment of the methamphetamine supports the inference that it was possessed for sale rather than for personal use. *See State v. Arce*, 107 Ariz. 156, 160, 483 P.2d 1395, 1399 (1971) ("Circumstantial evidence may be used to show that the accused possessed the narcotics for sale rather than for his individual use."); *State v. Aikins*, 17 Ariz. App. 328, 336, 497 P.2d 835, 843 (1972) ("[C]ircumstantial evidence regarding the quantity of contraband . . . found in the possession of defendant, its packaging, the secret compartment in which it was discovered, all can be taken into account in convicting for possession for sale.").

¶13 In comparing the evidence in the record to the elements listed in the statute, we find there was sufficient evidence to support the jury's conviction of Cardenas for transportation of a dangerous drug for sale.

II.     Ineffective Assistance of Counsel

**¶14**     In his supplemental brief, Cardenas raises a claim of ineffective assistance of counsel.  The Arizona Supreme Court has held "that a defendant may bring ineffective assistance of counsel claims *only* in a Rule 32 post-conviction proceeding—not before trial, at trial, or on direct review."  *State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 415, ¶ 20, 153 P.3d 1040, 1044 (2007).  Accordingly, we do not address this claim.

III.    Sentencing

**¶15**     After Cardenas's conviction, the superior court held a sentencing hearing on the State's allegation of parole status.  Cardenas's parole officer testified that at the time of the offense, Cardenas was on probation for possession of marijuana, a class 4 felony.  Consequently, the court sentenced Cardenas to ten years in prison, noting that the presumptive sentence was the minimum Cardenas could receive because of his parole status at the time of the offense.[1]     *See* A.R.S. § 13-708(C) (Supp. 2013).

**¶16**     In *Apprendi v. New Jersey*, the United States Supreme Court reaffirmed that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. 466, 490 (2000).  In *Alleyne v. United States*, the United States Supreme Court held that *Apprendi* applies equally in force to facts that increase the prescribed statutory minimum sentence.  133 S.Ct. 2151, 2160 (2013).  We have held that *Apprendi* applies "to a defendant's release status when that fact exposes him to a higher mandatory minimum sentence."  *State v. Large*, 234 Ariz. 274, 279-80, ¶ 16, 321 P.3d 439, 444-45 (App. 2014).  We therefore conclude Cardenas was entitled to have a jury determine his parole status.  Nevertheless, we affirm Cardenas's sentence because the error was not prejudicial.  Here, the record shows that a reasonable jury could not conclude that Cardenas was not on parole at the time of the offense: (1) Cardenas testified at trial that he was convicted of a felony in 2011; (2) at sentencing, Cardenas's parole officer testified that at the time of the offense, Cardenas was on probation for possession of marijuana, a class 4 felony, and (3) the superior court admitted into

---

[1]     The court stated "I can't go any lower than ten years, and I'm not going to go higher because I think ten years is more than I would sentence you if I had discretion.  Ten years is all I can – is the lowest I can go."

evidence a certified copy of the prior judgment. Based on the foregoing, the court's failure to submit Cardenas's parole status to the jury does not require a reversal or remand.

IV.    Presentence Incarceration Credit

¶17    Presentence incarceration credit is given for time spent in custody beginning on the day of booking and ending on the day before sentencing. *See State v. Carnegie*, 174 Ariz. 452, 454, 850 P.2d 690, 692 (App. 1993); *State v. Hamilton*, 153 Ariz. 244, 246, 735 P.2d 854, 856 (App. 1987). Cardenas was in custody from his arrest on September 20, 2011, until his sentencing on March 23, 2012. Although Cardenas's total time incarcerated was 185 days, he received a credit of 199 days. Any illegal sentence that favors the appellant cannot be corrected unless the State has filed a timely cross-appeal. *State v. Dawson*, 164 Ariz. 278, 286, 792 P.2d 741, 749 (1990) ("In the absence of a timely appeal or cross-appeal by the state seeking to correct an illegally lenient sentence, an appellate court has no subject matter jurisdiction to consider that issue."). Therefore, this Court will not modify the credit.

**CONCLUSION**

¶18    For the foregoing reasons, we affirm Cardenas's conviction and sentence. Upon the filing of this decision, defense counsel shall inform Cardenas of the status of his appeal and his future appellate options. Defense counsel has no further obligations, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Upon the Court's own motion, Cardenas shall have thirty days from the date of this decision to proceed, if he so desires, with a *pro per* motion for reconsideration or petition for review.

