NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*

*v.*

JAMES MARTIN JORGENSEN, *Appellant*.

No. 1 CA-CR 16-0117
FILED 4-18-2017

Appeal from the Superior Court in Coconino County
No. S0300CR201400399
The Honorable Mark R. Moran, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Coconino County Public Defender's Office, Flagstaff
By Brad Bransky
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Margaret H. Downie, and Kent E. Cattani joined.

**K E S S L E R**, Judge:

**¶1**　　　James Martin Jorgensen ("Jorgensen") was tried and convicted of Second Degree Murder, a class 1 felony. Counsel filed a brief in accordance with *Anders v. California,* 386 U.S. 738 (1967), and *State v. Clark*, 196 Ariz. 530 (App. 1999). Finding no arguable issues to raise, counsel requests that this Court search the record for fundamental error. *See State v. Richardson*, 175 Ariz. 336, 339 (App. 1993). Jorgensen was given the opportunity to, but did not file a supplemental brief.[1] After reviewing the entire record, we affirm Jorgensen's conviction and sentence.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**　　　Jorgensen and the victim, J.W. ("Victim"), were cousins from a very close family. The Victim made a comment to Jorgensen's girlfriend about having kids with her. This made the girlfriend uncomfortable and Jorgensen angry. Jorgensen and the girlfriend left after the comment was made. Jorgensen continued to be angry about the comment in the weeks following.

**¶3**　　　Several weeks later, members of the large extended family gathered to play softball at a local park. Both Jorgensen and the Victim were at the gathering and got along without issue. Jorgensen's girlfriend was not present at the gathering. That night or early the next morning, while Jorgensen was parked in front of his grandmother's house, the Victim pulled up in another car. Jorgensen and the Victim got out of their respective cars and began a conversation. Jorgensen asked the Victim to apologize to the girlfriend for the comment that was made a few weeks

---

[1]　　　Jorgensen did file a notice concerning whether his attorney on appeal had a conflict of interest based on a conversation over a possible plea offer. We interpret the notice as raising an issue of ineffective assistance of counsel. Claims of ineffective assistance of counsel cannot be considered on direct appeal, but only through a Rule 32 petition for post-conviction relief. *State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002).

prior. The Victim refused and a physical altercation erupted. The fight was broken up by other family members and the Victim was instructed to leave and Jorgensen was told to go inside and sleep it off. The Victim left and drove to his aunt's home. Just before arriving at the aunt's house, the Victim noticed that Jorgensen was following him. When the cars arrived at the aunt's house, both men got out of their respective vehicles and began physically fighting again. The fight was once again broken up by family members and Jorgensen left.

¶4        Jorgensen then drove back to his grandmother's home, got a knife, and returned to the aunt's house where the Victim was sitting outside. Jorgensen got out of his car, approached the Victim, and stabbed him four times. Jorgensen and the Victim continued to verbally fight until the family told Jorgensen to leave, which he did. Shortly after Jorgensen left the Victim collapsed. He was taken to the hospital by family members where he later died due to the stab wounds.

¶5        Jorgensen was apprehended the following morning. Jorgensen was found sleeping in the back of his car. The knife used to kill the Victim was found in the car, and the shirt Jorgensen was wearing was covered in blood. Both the knife and the shirt were found to have the Victim's DNA on them.

¶6        Jorgensen was indicted for First Degree Murder. After a seven-day trial, the jury found Jorgensen guilty of the lesser included offense of Second Degree Murder. Jorgensen then waived his right to have the jury decide the aggravating factor of emotional harm to the victim's family. The court sentenced Jorgensen to an aggravated term of twenty years with 631 days' presentence incarceration credit. Jorgensen timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 13-4031 (2010) and -4033(A)(1) (2010).[2]

## DISCUSSION

¶7        In an *Anders* appeal, because no issues were preserved below, this Court reviews the entire record for fundamental error. *State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011) (citation omitted). Error is fundamental when it affects the foundation of the case, deprives the defendant of a right essential to his defense, or is an error of such weight that the defendant

---

[2]        We cite to the current version of statutes unless changes material to the decision have since occurred.

could not possibly have had a fair trial. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005) (citations and quotations omitted). A defendant must also show the error prejudiced him. *Id.* at ¶ 20.

I.      Sufficiency of the Evidence

**¶8**      On review, this Court views the facts in the light most favorable to sustaining the jury's verdict and resolves all inferences against the defendant. *State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998) (citation and quotation omitted). "Reversible error based on insufficiency of the evidence occurs only where there is a complete absence of probative facts to support the conviction." *State v. Soto-Fong*, 187 Ariz. 186, 200 (1996) (quoting *State v. Scott*, 113 Ariz. 423, 424-25 (1976)).

        A.      Second Degree Murder

**¶9**      A person commits second degree murder if, without premeditation, the person (1) intentionally causes the death of another person; (2) causes the death of another person, knowing that the person's conduct will cause death or serious physical injury; or (3) recklessly engages in conduct that creates a grave risk of death and thereby causes the death of another person, under circumstances manifesting extreme indifference to human life. A.R.S. § 13-1104(A)(1)-(3) (2009).

**¶10**      Here it is unclear whether Jorgensen intended to murder the Victim. However, evidence shows that he at least wanted to cause serious physical injury or was extremely indifferent to the Victim's life. Multiple witnesses testified that after Jorgensen and the Victim had engaged in two separate fist fights, Jorgensen drove to the home he was staying at, got a knife, drove back to where the Victim was, and stabbed him four times. Additionally, the county medical examiner testified that the Victim died of multiple stab wounds. The State also admitted photographs from the autopsy that showed the various stab wounds.

**¶11**      The arresting officer testified that when they arrested Jorgensen he had a lot of blood on him, including his skin and clothes. The officer also testified to finding a knife in the back of Jorgensen's car when he was arrested. Photographs of the knife were introduced into evidence. Additionally, a criminalist from the Arizona Department of Public Safety Crime Lab testified to testing the knife and clothing for DNA and finding DNA from the Victim on both items.

II.     Sentencing

**¶12**        Jorgensen was sentenced to an aggravated term of twenty years' imprisonment.  Jorgensen admitted to the aggravating factor of emotional harm to the victim's family. The superior court found the following aggravating factors: infliction of serious physical injury over and above that which caused the victim's death; use of a deadly weapon or dangerous instrument; that the defendant took the victim by surprise with little or no provocation by the victim; the offense was committed in the presence of a minor; and the offense or acts caused great emotional harm to the victim's family. Each of these factors individually can support an aggravated sentence.

**¶13**        Jorgensen was arrested on May 21, 2014 and was never released.  He was sentenced on February 11, 2016 and received 631 days of presentence incarceration credit. Calculations show that Jorgensen was actually incarcerated for 630 days, so he received an additional day of presentence incarceration credit.  Presentence incarceration credit is given for time spent in custody beginning on the day of booking, *State v. Carnegie*, 174 Ariz. 452, 453-54 (App. 1993) (citation omitted), and ending on the day before sentencing, *State v. Hamilton*, 153 Ariz. 244, 245 (App. 1987).

**¶14**        However, we will not correct an "illegally lenient sentence in the absence of proper appeals or cross-appeals by the state." *State v. Dawson*, 164 Ariz. 278, 281-82 (1990).   We therefore do not need to correct the mistake and Jorgensen is entitled to the 631 days credit he was awarded at sentencing.

## CONCLUSION

**¶15**        After careful review of the record, we find no grounds for reversal of Jorgensen's conviction or sentence.  The proceedings complied with the Arizona Rules of Criminal Procedure, Jorgensen and his attorney were present at all critical stages of trial, and Jorgensen was given an opportunity to speak at sentencing.  Further, the evidence supports the verdict and sentence. We therefore affirm Jorgensen's conviction and sentence.

**¶16** Upon the filing of this decision, counsel shall inform Jorgensen of the status of the appeal and his options. Defense counsel has no further obligations, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Jorgensen shall have thirty days from the date of this decision to proceed, if he so desires, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA