NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

GREGORY LEE RODVELT, *Appellant.*

No. 1 CA-CR 18-0783
FILED 3-11-2021

Appeal from the Superior Court in Maricopa County
No. CR2017-005547-001
The Honorable Sally Schneider Duncan, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Ortega & Ortega, PLLC, Phoenix
By Alane M. Ortega
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge David D. Weinzweig joined.

---

**W I L L I A M S**, Judge:

**¶1**　　　　Gregory Lee Rodvelt appeals his convictions and sentences for aggravated assault, resisting arrest, misconduct involving explosives, and interfering with judicial proceedings. Rodvelt's counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969) advising us there are no meritorious grounds for reversal. Rodvelt was granted an opportunity to file a supplemental brief *in propria persona* and did not do so. After reviewing the record, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

**¶2**　　　　In April 2017, L.L. was riding his bicycle through a parking lot when a Rottweiler chased him and nipped at his feet, nearly causing him to fall. Rodvelt, who owned the dog, approached L.L. and the two men began to argue. Rodvelt, a man in his sixties, first grabbed a wooden club from his vehicle, then returned to his vehicle and retrieved an AR-15 rifle. Rodvelt pointed the gun at L.L. In response, L.L. took out his phone, took a picture of Rodvelt and the AR-15 rifle, and claimed he was recording Rodvelt. Rodvelt returned to his vehicle and drove off.

**¶3**　　　　Officers later stopped Rodvelt's vehicle, but Rodvelt refused to exit the vehicle or comply with officers' repeated instructions. After a several hour standoff with the police, a SWAT team, using a metal spear attached to an armored vehicle, pierced Rodvelt's vehicle and discharged a non-lethal gas, forcing Rodvelt out of his vehicle. Rodvelt was arrested. In Rodvelt's vehicle were several unlabeled explosives.

**¶4**　　　　Rodvelt was released from custody. As one condition of his release, Rodvelt was prohibited from possessing weapons. However, just two months later, L.L., while driving, saw Rodvelt at a roadside sale, handling guns. L.L. took several photos of Rodvelt holding the weapons, as well as video of Rodvelt attempting to trade guns with a vendor. L.L. provided police with the photos and videos.

¶5        Rodvelt was charged with aggravated assault, a Class three dangerous felony ("Count One"); resisting arrest, a Class six felony ("Count Two"); three counts of misconduct involving explosives, each a Class one misdemeanor ("Counts Three, Four and Five"); and interfering with judicial proceedings, a Class one misdemeanor ("Count Six").

¶6        At trial, Rodvelt moved for directed verdict under Arizona Rule of Criminal Procedure 20 following the State's presentation of the case. The trial court denied the motion. The jury convicted Rodvelt as charged, and found Count One to be a dangerous offense. The court sentenced Rodvelt to the minimum term of 5 years imprisonment for Count One; a presumptive term of 1 year imprisonment for Count Two; and a term of 60 days incarceration each for Counts Three, Four, Five and Six, all running concurrently, with presentence credit for 84 days served.[1] Rodvelt timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶7        Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the convictions and resolving all reasonable inferences against Rodvelt, *State v. Guerra*, 161 Ariz. 289, 293 (1989).

¶8        All proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Rodvelt was at all times either represented by counsel, or afforded advisory counsel after he knowingly, intelligently and voluntarily waived his right to counsel. Rodvelt was present at all critical stages of the proceedings, including the entire trial and the verdict. *See State v. Conner*, 163 Ariz. 97,

---

[1] The court awarded Rodvelt 84 days of presentence incarceration credit but he was entitled only to 83 days. Because Rodvelt's sentence began on the day that it was imposed, Rodvelt does not receive presentence credit for that day. *See State v. Hamilton*, 153 Ariz. 244, 246 (App. 1987) ("Where the date sentence is imposed serves . . . as the first day of sentence . . . it does not also count for presentence credit . . . ."). The state did not cross-appeal the court's calculation and thus we have no authority to correct it. *State v. Dawson*, 164 Ariz. 278, 286 (1990) ("In the absence of a timely appeal or cross-appeal by the state seeking to correct an illegally lenient sentence, an appellate court has no subject matter jurisdiction to consider that issue.").

104 (1990) (right to counsel at critical stages); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). At trial, the jury was properly comprised of eight jurors, and the record shows no evidence of jury misconduct. *See* A.R.S. § 21-102; Ariz. R. Crim. P. 18.1(a). The trial court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Rodvelt's presumption of innocence. At sentencing, Rodvelt was given an opportunity to speak, and the court stated on the record the evidence and materials it considered and the factors it found in imposing the sentences. *See* Ariz. R. Crim. P. 26.9, 26.10. Additionally, the sentences imposed were within the statutory limits. *See* A.R.S. §§ 13-701 through -709 (as applicable).

**¶9**　　　　Our review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error.").

## CONCLUSION

**¶10**　　　　We have reviewed the entire record for reversible error and find none; therefore, we affirm Rodvelt's convictions and sentences.

**¶11**　　　　Defense counsel's obligations pertaining to Rodvelt's representation in this appeal have ended. Defense counsel need do no more than inform Rodvelt of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On this court's motion, Rodvelt has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:　AA