NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MITCHELL ROY JOHNSON, *Appellant.*

No. 1 CA-CR 23-0337

FILED 10-31-2024

Appeal from the Superior Court in Maricopa County
No. CR2021-120249-001
The Honorable Justin Beresky, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

The Law Office of Kyle T. Green, Mesa
By Kyle Green
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Angela K. Paton joined.

_____

**F O S T E R,** Judge:

¶1        Mitchell Roy Johnson appeals his convictions and sentences for burglary in the second degree, criminal damage, and three counts of endangerment. Johnson's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable questions of law. Counsel asks us to search the record for reversible error. Johnson had the opportunity to file a supplemental brief but did not do so. After reviewing the record, this Court affirms Johnson's convictions and sentences.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        On May 30, 2021, a driver in Mesa called the Mesa Police Department to report a Chrysler Sebring had been sitting stationary at the intersection of Mesa Drive and Brown Road through multiple green light cycles. Two officers arrived and blocked the Sebring in place with their patrol vehicles.

¶3        When the officers approached the Sebring, they saw a shirtless man asleep in the driver's seat with tattoos on his torso. Mesa Police identified the man as Johnson through a Motor Vehicle Division photo and confirmed that Johnson was the registered owner of the Sebring.

¶4        One officer tried multiple times to wake Johnson by knocking. When Johnson awoke, he rammed both patrol vehicles until he had enough room to flee. Both officers were standing near the Sebring when Johnson started to try to drive away, and he nearly hit one of them.

¶5        The officers pursued Johnson, but they eventually lost him. They heard over their radios that another officer found the Sebring crashed into the front exterior of a home that S.P. and B.P. owned. A renter, M.D., had been inside of the home when the Sebring crashed into it. M.D. heard tires screeching and was walking towards a window when the Sebring crashed through the same window.

¶6            A neighbor, G.M., called 911 to report that Johnson had entered his home and taken clothes that belonged to G.M. and a family member. Officers found clothing in G.M.'s laundry room that suggested Johnson changed in there, and then found Johnson walking off a nearby property. They detained Johnson, and he gave them his name. Johnson was later photographed without his shirt. One of the officers said that Johnson's visible tattoos were consistent with the Sebring driver's tattoos.

¶7            The State charged Johnson with one count of burglary in the second degree, a class 3 felony; one count of criminal damage, a class 4 felony; one count of endangerment as to the renter, a class 6 felony; and two counts of endangerment as to the officers, class 1 misdemeanors. *See* A.R.S. §§ 13-1507(B) (burglary in the second degree); 13-1602(B) (criminal damage); 13-1201(B) (endangerment). The State alleged the felony endangerment charge was a dangerous offense. *See* A.R.S. § 13-105(13).

¶8            Johnson was tried twice, with the first trial ending in a mistrial. In the second trial, Johnson argued the State could not prove he was the Sebring's driver. The superior court excluded Johnson from closing arguments, finding he was disruptive after the court admonished him. Johnson did return, however, before the jury entered guilty verdicts on all five counts. The jury also found that Johnson caused $10,000.00 or more in property damage. Johnson did not attend the reading of the verdicts regarding aggravating circumstances because he refused transportation from the jail to court. For the three felony convictions, the jury found that the following aggravating circumstances applied: the offenses caused physical, emotional, or financial harm to the victim, *see* A.R.S. § 13-701(D)(9); the defendant committed the offenses while on release for a separate felony, *see* A.R.S. § 13-708; and, for the felony endangerment count, the offense was a dangerous offense, *see* A.R.S. § 13-105(13).

¶9            The court held a separate trial on Johnson's prior offenses after which he was determined to be a category 3 repetitive offender. The court also determined that Johnson had one historical prior felony conviction for a dangerous offense.

¶10           On the second-degree burglary charge, the court sentenced Johnson to a greater-than-presumptive term of 14 years in prison. *See* A.R.S. § 13-703(J). On the criminal damage charge, the superior court sentenced Johnson to a greater-than-presumptive term of 13 years in prison. *See* A.R.S. § 13-703(J). The court also ordered Johnson to pay $38,086.34 in restitution to the owners of the damaged home. *See* A.R.S. § 13-603(C). On the felony endangerment charge, the court sentenced Johnson to a greater than

presumptive term of 4.25 years in prison. *See* A.R.S. § 13-704(B). For these three crimes Johnson received 795 days of presentence incarceration credit. On the other two endangerment charges, the court sentenced Johnson to six months in jail with credit for 180 days for each charge. *See* A.R.S. § 13-707(A)(1). The court ran all five sentences concurrently with but entered a consecutive sentence after revoking probation in a separate case. *See* A.R.S. § 13-708(E).

¶11        Johnson timely appealed. This Court has jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031 and 13-4033(A)(1).

## DISCUSSION

¶12        This Court has read and considered counsel's brief and has reviewed the record for arguable issues of reversible error. *See Leon*, 104 Ariz. at 300. This Court finds none.

¶13        The record reflects that the superior court afforded Johnson all his constitutional and statutory rights and that it conducted the proceedings in compliance with the Arizona Rules of Criminal Procedure. Johnson was represented by counsel at all critical stages. Although Johnson was not present for closing arguments or the reading of the verdicts regarding aggravating factors, he forfeited his right to be present at each. *See* Ariz. R. Crim. P. 9.1, 9.2(a). The evidence presented at trial was sufficient to support the jury's verdicts. The jury was properly composed and instructed, and there is no evidence of misconduct. Johnson's sentences fall within the range prescribed by law.

¶14        This Court notes that Johnson was given an extra day of presentence credit because the sentencing date is excluded when calculating presentence credit. *State v. Hamilton*, 153 Ariz. 244, 246 (App. 1987). Johnson was incarcerated on May 31, 2021, and he was sentenced on August 3, 2023. But this Court will not correct an illegal sentence that favors a defendant without a cross-appeal from the State. *State v. Dawson*, 164 Ariz. 278, 281–82 (1990).

¶15        This Court also notes that the verdict form incorrectly asked jurors to assess the value of "the property" – as opposed to the value of property "damage." *See* A.R.S. § 13-1602(B)(1). But this discrepancy does not raise an arguable issue of reversible error because jurors were correctly informed by the judge and the State that they should determine the amount of property damage, and there was undisputed evidence that the amount of damage exceeded $37,000.

**CONCLUSION**

**¶16**         This Court affirms Johnson's convictions and sentences. Unless defense counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review, his obligations regarding Johnson's appeal will end after informing him of the outcome of this appeal and his future options. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).



AMY M. WOOD • Clerk of the Court
FILED:     AGFV