NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MELISSA ROSELLEN WARAX, *Appellant.*

No. 1 CA-CR 23-0276

FILED 11-12-2024

Petition for Review from the Superior Court in Apache County
No. S0100CR202300035
The Honorable Garrett L. Whiting, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

R. John Lee Attorney, St. Johns
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Vice Chief Judge Randall M. Howe joined.

**P E R K I N S,** Judge:

**¶1**        Melissa Rosellen Warax timely appealed under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following her convictions for three counts of aggravated assault of a peace officer. Warax had the opportunity to file a supplemental brief but did not do so. Warax's counsel searched the record and advised this Court that he found no arguable, non-frivolous question of law. *See Anders*, 386 U.S. at 744; *State v. Melendez*, 256 Ariz. 14, 19, ¶ 1 (App. 2023).

**¶2**        We must "review the entire record for reversible error, viewing the evidence in the light most favorable to sustaining the convictions and resolving all reasonable inferences against [Warax]." *Melendez*, 256 Ariz. at 19, ¶ 1 (cleaned up). Having reviewed the record, we find no reversible error and affirm.

**FACTS AND PROCEDURAL BACKGROUND**

**¶3**        Late in the evening on February 4, 2023, Warax entered her husband's ("Husband") bedroom holding a lemon and repeatedly asked him for a knife. Husband responded each time that he did not have a knife, but eventually went to the kitchen, retrieved a knife, and handed it to Warax. After taking the knife, Warax stared at Husband and continued asking him to give her his knife. Warax's behavior made Husband uncomfortable, so he left the house, drove downtown, and flagged down a police officer. Husband explained the situation and asked the officer to remove Warax from his home for the night.

**¶4**        The officer followed Husband back to his home and called two other officers for backup. The officers knocked, introduced themselves as officers of the local police department, and asked to come inside. Once inside, they questioned Warax about Husband's story, and she denied all of Husband's allegations. The officers advised Warax she needed to leave Husband's home and asked her to stand up. Warax refused, so two officers

lifted Warax to her feet. Warax tried to pull away and refused to follow further orders. The officers placed Warax's hands behind her back, handcuffed her, and escorted her from the home.

¶5        Once outside, Warax became "dead weight," dragged her feet, and refused to walk. One of the officers tried to grab Warax's legs to help carry her to the patrol car, but Warax flipped over and got her handcuffed hands in front of her body. As the officers placed Warax on the ground to get her hands behind her back, Warax began flailing and kicking, striking one officer in the face and a second officer in the chest and arms. Warax tried to bite the third officer's leg and kicked his legs.

¶6        The State charged Warax with three counts of aggravated assault of a peace officer, a class 5 nondangerous felony. A.R.S. § 13-1204(A)(8) and (G). Warax waived her right to a jury trial. After a bench trial, the court convicted Warax on all counts.

¶7        The court found Warax had two historical prior felony convictions for assaulting a peace officer and corrections officer, and sentenced her as a category-three repetitive offender. *See* A.R.S. § 13-703(C). It also considered a third historical prior felony conviction as an aggravating circumstance and Warax's "mental health condition" as a mitigating factor. The court found the aggravating and mitigating factors balanced each other out and imposed presumptive, consecutive terms of five years' imprisonment for each of the three counts. *See* A.R.S. § 13-703(J) (sentencing range for a class 5 nondangerous felony committed by a category-three repetitive offender). The court explained consecutive sentences were appropriate "because of the very repetitive nature of the[] offenses" and because there were three separate victims.

¶8        The court awarded Warax 142 days of presentence incarceration credit. This was one day too many. Warax was arrested on February 5, 2023, and remained in custody until sentencing on June 26, 2023. Because the date of sentencing is not included in the calculation of credit for presentence incarceration, *State v. Hamilton*, 153 Ariz. 244, 246 (App. 1987), Warax was only entitled to 141 days of credit. Despite this error, "we will not correct sentencing errors that benefit a defendant, in the context of [her] own appeal, absent a proper appeal or cross-appeal by the state." *State v. Kinslow*, 165 Ariz. 503, 507 (1990).

## DISCUSSION

¶9        The record reflects that the superior court conducted all proceedings in compliance with the Arizona Rules of Criminal Procedure.

*See State v. Gomez*, 27 Ariz. App. 248, 251 (1976) (citing Ariz. R. Crim. P. 1.2). Warax was represented by counsel at all stages of the proceedings. Warax was not present for part of an evidentiary hearing conducted immediately before the bench trial, but counsel waived her presence for the time she was absent. Warax waived her presence at her arraignment but was present for trial and sentencing. The record reveals sufficient evidence from which the court could determine, beyond a reasonable doubt, that Warax was guilty of assaulting three police officers. Warax spoke at sentencing. The court stated on the record the factors it considered in imposing Warax's sentence, *see* Ariz. R. Crim. P. 26.10, and sentenced her within the statutory guidelines, *see* A.R.S. §§ 13-701 to -709.

## CONCLUSION

**¶10** We have reviewed the entire record for arguable issues of law and find none. We therefore affirm Warax's convictions and resulting sentences. *See Leon*, 104 Ariz. at 300–01.

**¶11** Defense counsel's obligations pertaining to Warax's representation in this appeal have ended. Counsel need do no more than inform Warax of the outcome of this appeal and her future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the Court's own motion, Warax has thirty days from the date of this decision to proceed, if she wishes, with a pro per motion for reconsideration. Warax also has thirty days from the date of this decision to proceed, if she wishes, with a pro per petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AGFV