NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

CHRISTIAN ALEJANDRO MENDOZA, *Appellant.*

No. 1 CA-CR 23-0470
FILED 01-07-2025

---

Appeal from the Superior Court in Maricopa County
No. CR2017-124511-001
The Honorable Laura Johnson Giaquinto, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Cory Engle
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Angela K. Paton joined.

**F O S T E R**, Judge:

**¶1**        Christian Alejandro Mendoza appeals his convictions and sentences for aggravated driving while under the influence of intoxicating liquor ("aggravated DUI"). Mendoza, through counsel, filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, there was no arguable question of law. After reviewing the record, this Court affirms Mendoza's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

**¶2**        In 2017, Mendoza was stopped for suspicion of impaired driving. During the stop, the trooper on scene observed Mendoza swaying slightly and smelling of alcohol. Mendoza consented to a field sobriety test. He displayed six cues of impairment which led to his arrest and transportation to a police station. At the station, Mendoza consented to a breath test which registered his blood alcohol concentration in two separate tests at 0.109 and 0.113 respectively. The Trooper searched the Motor Vehicle Division ("MVD") records which revealed Mendoza's driving privileges were revoked.

**¶3**        The State charged Mendoza with two counts of aggravated DUI, class 4 felonies. A.R.S. § 28-1383(A)(1), (O)(1). The first count alleged impairment to the slightest degree, A.R.S. § 28-1381(A)(1), and the second count alleged Mendoza's alcohol concentration as 0.08 or higher, A.R.S. § 28-1381(A)(2). The State further alleged that Mendoza's driver's license was suspended or revoked.

**¶4**        Before the jury trial, the superior court notified Mendoza of his right to appeal in the Final Release Order and Minute Entry after the Not Guilty Arraignment. The superior court warned Mendoza that, pursuant to statute, he could lose his right to appeal if he did not appear

and if his absence prevented the court from proceeding with sentencing within 90 days of his convictions.

¶5         Mendoza's jury trial began November 5, 2018, and concluded two days later. Mendoza was present for the first two days of trial but did not appear on the third day, and his counsel waived his presence. In his absence, the jury found Mendoza guilty on both counts. After the jury's verdict, the court issued an arrest warrant. Mendoza remained at-large until his arrest about 18 months later.

¶6         The superior court held a sentencing hearing in April 2021, which Mendoza attended. The court did not make findings regarding the nature of the circumstances that delayed his sentencing and whether he had waived of his right to appeal. It found that the State proved Mendoza's prior felony conviction by clear and convincing evidence and determined that Mendoza was a category two repetitive offender. The court sentenced Mendoza to concurrent presumptive terms of 4.5 years for each aggravated DUI conviction and credited him 346 days of presentence incarceration.

¶7         Mendoza timely appealed to this Court in accordance with *Anders* and *Leon* and did not provide supplemental briefing. This Court held that because "the superior court did not determine the voluntariness of Mendoza's delay at the time of sentencing . . . [this Court] do[es] not infer that Mendoza waived his right to appeal." *State v. Mendoza*, 1 CA-CR 21-0137, 2022 WL 776452, at *2, ¶ 11 (Ariz. App. Mar. 15, 2022) (mem. decision). But because the appeal did not raise a reversible issue, this Court affirmed Mendoza's convictions and sentences. *Id.* at ¶ 14.

¶8         The State then appealed this Court's waiver holding, and the Arizona Supreme Court vacated this Court's memorandum decision consistent with its decision in *State v. Brearcliffe*, 254 Ariz. 579 (2023) "to allow the parties to file briefs addressing whether A.R.S. § 13-4033(C) applies to deprive the court of appellate jurisdiction." *State v. Mendoza*, CR-22-0097-PR, 2023 WL 2782743, at *1 (Ariz. Apr. 4, 2023) (order). This Court "remand[ed] the case to the superior court to give [Mendoza] an opportunity to prove his absence was involuntary" and dismissed the appeal. Upon remand, the superior court found that Mendoza lacked notice that his absence could impair his right to appeal and this *Anders* appeal followed.

## DISCUSSION

### I.    This Court has appellate jurisdiction.

**¶9**              A criminal defendant has the right to appeal under Article II, § 24, of the Arizona Constitution. A defendant waives that right "if the defendant's absence prevents sentencing from occurring within ninety days after conviction and the defendant fails to prove by clear and convincing evidence at the time of sentencing that the absence was involuntary." A.R.S. § 13-4033(C).

**¶10**              But a defendant does not waive his right to appeal unless: (1) the defendant received notice that he may lose his right to appeal if his absence delays sentencing from occurring within ninety days of conviction, (2) the defendant's waiver "must be knowing, intelligent, and voluntary" and (3) the defendant is provided the opportunity "to prove by clear and convincing evidence that [his] absence was involuntary" at sentencing. *Brearcliffe*, 254 Ariz. at 581, ¶ 1.

**¶11**              Because the superior court found that Mendoza did not waive his right to appeal, this Court has jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031 and 13-4033(A)(1). This is Mendoza's appeal pursuant to *Anders* and *Leon*.

### II.    This appeal raises no reversible error.

**¶12**              This Court has read and considered counsel's brief and has reviewed the record for arguable issues of reversible error. *See Leon*, 104 Ariz. at 300. This Court finds none.

**¶13**              The record reflects that as to all issues, the superior court provided Mendoza his constitutional and statutory rights and conducted proceedings compliant with the Arizona Rules of Criminal Procedure. Counsel represented Mendoza at all stages of the proceedings against him. The State presented sufficient evidence to support the jury's verdicts. The court properly composed and instructed the jury and there was no evidence of misconduct. Mendoza's sentences fall within the range prescribed by law. However, the court calculated and awarded Mendoza an extra day of presentencing credit. Mendoza was incarcerated on May 2, 2020, and sentenced on April 12, 2021. When calculating presentencing credit, the sentencing date is excluded. *State v. Hamilton*, 153 Ariz. 244, 246 (App. 1987). But this Court will not correct an illegal sentence that favors a defendant without a cross-appeal from the State. *State v. Dawson*, 164 Ariz. 278, 281-82 (1990).

**CONCLUSION**

**¶14**         This Court affirms Mendoza's convictions and sentences. Unless defense counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review, counsel's obligations regarding Mendoza's appeal will end after informing him of the outcome of this appeal and his future options. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).



AMY M. WOOD • Clerk of the Court
FILED:         JR