NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

GABRIEL CRUCIFIXIO GONZALEZ, *Appellant*.

No. 1 CA-CR 24-0524

FILED 07-15-2025

Appeal from the Superior Court in Mohave County
No. S8015CR202301125
The Honorable Lee Frank Jantzen, Judge

**AFFIRMED**

COUNSEL

The Law Office of Stephanie K. Bond P.C., Tucson
By Stephanie K. Bond
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge D. Steven Williams joined.

**P E R K I N S**, Judge:

**¶1**        Gabriel Crucifixio Gonzalez timely appealed under *Anders v. California*, 386 U.S. 738 (1967) following his convictions for aggravated assault of a peace officer, a class 5 felony, and resisting arrest, a class 6 felony. Gonzalez's counsel searched the record and advised this Court that she found no arguable, non-frivolous question of law. *See Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Gonzalez had the opportunity to file a supplemental brief but did not do so.

**¶2**        We must review the entire record for reversible error, *Clark*, 196 Ariz. at 537, ¶ 30, viewing the evidence in the light most favorable to sustaining the convictions and resolving all reasonable inferences against Gonzalez, *see State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998). Having reviewed the record, we find no reversible error and affirm Gonzalez's convictions and sentences.

## FACTS AND PROCEDURAL BACKGROUND

**¶3**        On October 6, 2023, Deputy Gunderson (a pseudonym) was dispatched to conduct a welfare check on a woman lying on the ground near a roadway in Kingman. The officer parked his marked patrol vehicle outside of Gonzalez's house to observe the woman and ensure she did not go into the roadway. Gonzalez approached the vehicle and asked why the officer was parked outside his home. The officer left his vehicle to speak with Gonzalez, who then returned inside. Gonzalez later came back outside with his wife, K.D., and both parties stood on the street outside the officer's driver's side window, repeatedly tapping on the window and asking why he was there. During this time, multiple cars veered into the oncoming traffic lane to go around Gonzalez and K.D. The officer then exited his vehicle to arrest Gonzalez for creating a hazard in the roadway.

**¶4**        While being handcuffed, Gonzalez tried to pull the officer toward the front of the vehicle. As the officer pulled Gonzalez back toward the rear of the vehicle, Gonzalez spun around and chest-butted him. Fearing that Gonzalez was going to head-butt him, the officer pushed Gonzalez away and took him to the ground, where he continued to resist arrest. While on the ground, Gonzalez grabbed a K-9 leash wrapped around the officer's waist and refused to let go, demanded a supervisor, and told K.D. to "get [the officer]." The officer's body camera recorded this encounter, which the State played for the jury.

**¶5**        The State charged Gonzalez with aggravated assault of a police officer (Count 1), resisting arrest (Count 2), and obstructing a public

roadway (Count 3). After the State rested at trial, Gonzalez moved for acquittal under Arizona Rule of Criminal Procedure 20. The court denied the motion and allowed the case to go to the jury. The jury found Gonzalez guilty of Counts 1 and 2 but not guilty of Count 3.

**¶6** Before imposing Gonzalez's sentence, the State presented evidence of an alleged prior conviction. The court found the State proved the prior felony conviction, sentenced Gonzalez as a category-one repetitive offender, and imposed mitigated, concurrent terms of 6 months imprisonment on both counts. The court explained this was a "factually mitigated case," because there was "no significant assault" and the officer did not suffer any "significant injuries." The court also considered Gonzalez's family support as a mitigating factor.

**¶7** The court awarded Gonzalez 38 days of presentence incarceration credit. This was one day too many. Gonzalez was initially arrested on October 6, 2023, but was released on his own recognizance the next day. He was taken into custody on July 30, 2024, following the jury's guilty verdicts and remained in custody until sentencing on September 3, 2024. Because the date of sentencing is not included in the calculation of presentence incarceration credit, *State v. Hamilton*, 153 Ariz. 244, 246 (App. 1987), Gonzalez was only entitled to 37 days of credit. Despite this error, "we will not correct sentencing errors that benefit a defendant, in the context of his own appeal, absent a proper appeal or cross-appeal by the state." *State v. Kinslow*, 165 Ariz. 503, 507 (1990).

## DISCUSSION

**¶8** The record reflects that the superior court conducted all proceedings in compliance with the Arizona Rules of Criminal Procedure. *See State v. Gomez*, 27 Ariz. App. 248, 251 (1976) (citing Ariz. R. Crim. P. 1.2). Gonzalez was present and represented by counsel at all stages of the proceedings. The record reveals sufficient evidence from which the jury could determine, beyond a reasonable doubt, that Gonzalez was guilty of the charged offenses. The court afforded Gonzalez the opportunity to speak at sentencing, stated on the record the factors it considered in imposing his sentence, *see* Ariz. R. Crim. P. 26.10, and sentenced him within the statutory guidelines, *see* A.R.S. §§ 13-701 to -709.

## CONCLUSION

**¶9** We have reviewed the entire record for arguable issues of law and find none. We therefore affirm Gonzalez's convictions and resulting sentences. *See State v. Leon*, 104 Ariz. 297, 300–01 (1969).

**¶10** Defense counsel's obligations pertaining to Gonzalez's representation in this appeal have ended. Counsel need do no more than inform Gonzalez of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the Court's own motion, Gonzalez has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration. Gonzalez also has 30 days from the date of this decision to proceed, if he wishes, with a pro per petition for review.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:      JR